Marcela G. De Werthein, Appellant, v Lou Gotlib, Respondent, et al., Defendant.

Marta Spivak, Appellant, v Israel Discount Bank of New York et al., Respondents.

First Department, March 4, 1993

### APPEARANCES OF COUNSEL

*Carl L. Distefano* of counsel, New York City *(Victor Rivera* with him on the brief; *Fox & Horan,* attorneys), for Marcela G. De Werthein, appellant.

*Robert F. Herrmann* of counsel, New York City *(Paul M. Hellegers* with him on the brief; *Menaker & Herrmann* and *Grant Herrmann Schwartz & Klinger,* attorneys), for Marta Spivak, appellant.

*Robert B. Davidson* of counsel, New York City *(Baker & McKenzie,* attorneys), for Lou Gotlib, respondent.

### OPINION OF THE COURT

MILONAS, J.

On November 20, 1991, Efrain Gotlib died intestate as a domiciliary of Argentina. He had previously been married to Sara Grosman, who died in 1984 and was the mother of plaintiff Marcela Gotlib De Werthein. After Sara's death,

Efrain opened two Totten Trust Accounts for "Efrain Gotlib in trust for Lou Gotlib" in New York with defendant Israel Discount Bank. Lou was Efrain's younger brother. When Efrain opened the accounts in 1987, he also wrote a will leaving his entire estate to his brother. The document recites that he was without children by Sara Grosman, and plaintiff Marta Spivak, whom Efrain married in 1989, also asserts "on information and belief" that he had no children. According to plaintiffs-appellants, the will was rendered invalid under Argentine law by Efrain's marriage to Spivak. Although both Spivak and De Werthein subsequently commenced separate actions in New York with respect to the Totten Trusts, the matters were consolidated by the Supreme Court. In that regard, Spivak seeks to restrain Lou Gotlib from withdrawing and Israel Discount Bank from transferring any funds out of the Totten Trusts. It is De Werthein's intention to impose a constructive trust on the proceeds of the accounts and permanently enjoin the bank from conveying any funds therein to Lou Gotlib. The Supreme Court denied plaintiffs' respective motions for injunctive relief and granted Gotlib's cross motions for summary judgment establishing his entitlement to the funds in the accounts. Plaintiffs have appealed, and this Court now affirms.

Spivak contends that under Argentine law she is entitled to a "forced share" of half the funds in the subject Totten Trusts and that EPTL 7-5.2 does not abrogate her right thereto. She urges that the law is aimed at protecting equally the rights of New York and foreign surviving spouses and that the Supreme Court's interpretation is contrary to the clear statutory language. It should be noted that EPTL 7-5.5 provides that the sections relating to a trust account do not affect the rights of creditors, fiduciaries or the surviving spouse of the depositor, whereas EPTL 7-5.2 (4) states that "[i]f the beneficiary survives the depositor, and the depositor's will contains no provision revoking, terminating or modifying the trust account under paragraph (2), the trust shall terminate and title to the funds shall vest in the beneficiary free and clear of the trust." In disposing of the *Spivak* action, the Supreme Court cited *Neto v Thorner* (718 F Supp 1222 [SD NY]), but plaintiff argues that reliance on this authority is misplaced since the case did not involve a claim by a surviving spouse. She also asserts that the court was in error in concluding that the purpose of EPTL 7-5.5 is only to protect the election of a New York surviving spouse and not the right of a foreign surviving

spouse to a forced share under the laws of the decedent's domicile.

██ While it is true that EPTL 7-5.5 makes no distinction between domestic and foreign surviving spouses, this provision also does not treat surviving spouses any differently than it does creditors or fiduciaries generally. Thus, the fact that *Neto v Thorner (supra)* does not concern a surviving spouse does not, as plaintiff proposes, render the holding therein inapplicable to the instant situation. Indeed, there is no indication whatever, either statutory or judicial, that the law pertaining to Totten Trusts was devised to exempt surviving spouses from their purview. Moreover, "New York has the right to say as a matter of public policy whether it will apply its own rules to property in New York of foreigners who choose to place it here for custody or investment, and to honor or not the formal agreements or suggestions of such owners by which New York law would apply to the property they place here" *(Wyatt v Fulrath,* 16 NY2d 169, 173). As the Court of Appeals observed in *Wyatt v Fulrath (supra,* at 173):

"It seems preferable that as to property which foreign owners are able to get here physically, and concerning which they request New York law to apply to their respective rights, when it actually gets here, that we should recognize their physical and legal submission of the property to our laws, even though under the laws of their own country a different method of fixing such rights would be pursued.

"Thus we would at once honor their intentional resort to the protection of our laws and their recognition of the general stability of our Government which may well be deemed interrelated things."

In *Neto v Thorner (supra),* a Brazilian domiciliary established a Totten Trust in New York. The beneficiary of the account, however, was not mentioned in his will, which declared that " 'all the deposits or values existing in his name, in the banks located in Brazil or abroad * * * shall be distributed' " to the named individuals *(supra,* at 1223). Since the deceased's will did not effectively revoke the Totten Trust under New York law in that it lacked an "express direction concerning such trust account" (EPTL 7-5.2 [2]), the court held that the decedent's estate could not maintain a cause of action against the beneficiary of the trust for conversion of the proceeds and dismissed the lawsuit. According to the court in *Neto v Thorner (supra,* at 1224), rejecting the effort of the

estate's executor to have Brazilian law invoked, "[t]he substantive law of New York, of course, includes New York's choice of law principles". The court further observed that "the New York legislature did not intend by the new article 'Bank Accounts in Trust Form' to permit a revocation of the terms of a Totten trust set up by persons who had chosen to use this unique vehicle to achieve their aim of transferring assets on death by anything less than strict adherence to the statutory requirements" (Neto v Thorner, supra, at 1226).

Under New York law, plaintiff would have no right of election in the Totten Trusts as they were created before her marriage (EPTL 5-1.1 [b] [1] [B]), and the accounts were never revoked pursuant to EPTL 7-5.2 (2). A foreign surviving spouse has no greater rights than a New York surviving spouse notwithstanding EPTL 3-5.1 (c), which declares valid and admissible to probate any will "disposing of personal property, wherever situated, or real property situated in this state, made within or without this state by a domiciliary or non-domiciliary thereof * * * if it is in writing and signed by the testator, and otherwise executed and attested in accordance with the local law". Significantly, EPTL 7-5.5 has no connection to any choice of law issues, and a will executed in New York and one drawn elsewhere must be construed in the same manner insofar as the distribution of Totten Trust proceeds is concerned. Finally, Matter of Clark (21 NY2d 478), relied upon by plaintiff, is simply not pertinent to the present matter. While it is clearly the policy of New York not to permit nondomiciliaries from using the State to conceal assets from a spouse, the subject accounts were opened prior to the marriage. Since Lou Gotlib is clearly entitled to the proceeds of the two Totten Trusts, the Supreme Court properly granted summary judgment in his favor against plaintiff Spivak.

As for the De Werthein demand for a constructive trust on the proceeds of the Totten Trusts, this Court has previously explained in Long Is. Sav. Bank v Savage (116 AD2d 512, 514, affd 69 NY2d 751):

"During the period in question, EPTL 7-5.2 (1) provided: 'The trust can be revoked, terminated or modified by the depositor during his lifetime only by means of, and to the extent of, withdrawals from or charges against the trust account made or authorized by the depositor'.

"This statute clearly delineated the only means by which modification of a Totten trust might be effectuated—that is,

either by withdrawal or charges against the account, neither of which here took place. Reference to the legislative history of the statute confirms that a strict construction of such requirements was intended. The recommendation of the Law Revision Commission, which led to the enactment of the section, noted the frequent litigation engendered in construing the Totten trust device and urged the adoption of legislation to impose 'objective standards to govern Totten trusts, in place of the case-by-case interpretation based on the depositor's subjective intent' (1975 McKinney's Session Laws of NY, at 1535). The purpose of establishing such exclusive statutory standards was 'to achieve certainty and predictability in this area of the law'."

It is plaintiff's position, however, that she is not seeking revocation of the Totten Trusts but their proceeds only after legal title has already passed to Gotlib, and it is for that reason that she is requesting the imposition of a constructive trust. She argues that EPTL 7-5.2 does not warrant a contrary result since the statute deals with the matter of legal title rather than unjust enrichment, and fairness dictates that she be accorded her day in court (see, Simonds v Simonds, 45 NY2d 233). Yet, notwithstanding plaintiff's assertion that she should be granted a preliminary injunction because she has shown a likelihood of success on the merits, irreparable harm without injunctive relief and a balance of the equities in her favor, the record does not demonstrate any question of fact as to whether Efrain intended his brother to transfer the funds to plaintiff after his death. De Werthein's mother died in 1984, and the Totten Trust accounts were opened in 1987. Plaintiff also never furnishes a reasonable explanation for why Efrain made Lou Gotlib his beneficiary instead of De Werthein, and the evidence, consisting of documents, affidavits and Efrain's alleged statements, submitted in support of her claim that Efrain wanted her to receive the funds is, even if admissible, largely self-serving and/or lacking in probative value. Plaintiff has failed to show a likelihood of success on the merits, and, thus, she is not entitled to a preliminary injunction.

Accordingly, the Supreme Court appropriately denied the applications by both plaintiffs and granted summary judgment to defendant Lou Gotlib.

Therefore, the order of the Supreme Court, New York County (Stuart C. Cohen, J.), entered on July 27, 1992, which denied the motion by plaintiff Marcela Gotlib De Werthein for

a preliminary injunction, granted the cross motion for summary judgment by defendant Lou Gotlib and directed defendant Israel Discount Bank of New York to pay the proceeds of the Totten Trust accounts to Lou Gotlib, should be affirmed, with costs and disbursements.

Order of the Supreme Court, New York County (Stuart C. Cohen, J.), entered on July 23, 1992, which consolidated the action with the *De Werthein* action, denied the motion by plaintiff Marta Spivak for a preliminary injunction, granted the cross motion for summary judgment by defendant Lou Gotlib and directed defendant Israel Discount Bank of New York to pay the proceeds of the Totten Trust accounts to Lou Gotlib, should be affirmed, with costs and disbursements.

MURPHY, P. J., ROSENBERGER, KASSAL and RUBIN, JJ., concur.

Order of the Supreme Court, New York County, entered on July 27, 1992, which denied the motion by plaintiff Marcela Gotlib De Werthein for a preliminary injunction, granted the cross motion for summary judgment by defendant Lou Gotlib and directed defendant Israel Discount Bank of New York to pay the proceeds of the Totten Trust accounts to Lou Gotlib, is affirmed, with costs and disbursements.

Order of the Supreme Court, New York County, entered on July 23, 1992, which consolidated the action with the *De Werthein* action, denied the motion by plaintiff Marta Spivak for a preliminary injunction, granted the cross motion for summary judgment by defendant Lou Gotlib and directed defendant Israel Discount Bank of New York to pay the proceeds of the Totten Trust accounts to Lou Gotlib, is affirmed, with costs and disbursements.